SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
JASON W. KEARNAGHAN, Cal. Bar No. 207707
IAN A. MICHALAK, Cal. Bar No. 335425
ANGELA S. CHUANG, Cal Bar No. 352632
350 South Grand Ave., 40th Floor
Los Angeles, California 90071
Telephone:  213.620.1780
Facsimile:  213.620.1398
E-mail        rsimmons@sheppardmullin.com
                 jkearnaghan@sheppardmullin.com
                 imichalak@sheppardmullin.com
                 achuang@sheppardmullin.com

Attorneys for Defendants HCA
HEALTHCARE, INC. and LOS ROBLES
REGIONAL MEDICAL CENTER, *dba* LOS
ROBLES HOSPITAL & MEDICAL CENTER

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CATHY KIRKWOOD,<br><br>              Plaintiff,<br><br>       v.<br><br>LOS ROBLES REGIONAL MEDICAL CENTER, a California foreign corporation; LOS ROBLES HOSPITAL & MEDICAL CENTER; HCA HEALTHCARE, INC., a California Mutual Benefit Corporation; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No.:<br><br>[*Removed from Ventura County Superior Court Case No. 2025CUWT041517*]<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331 1441 and 1446**<br><br>*[Filed concurrently with: Declaration of Adam Gardner; Notice of Interested Parties; Corporate Disclosure Statement; Civil Case Cover Sheet; and Proof of Service]*<br><br>Complaint Filed:  April 3, 2025<br>Trial Date:         None Set |

SMRH:4923-8514-1827.2                          DEFENDANTS' NOTICE OF REMOVAL OF ACTION

# **TABLE OF CONTENTS**

**Page**

A.   PROCEDURAL HISTORY ...................................................................................6

B.   COPIES OF PROCESS, PLEADINGS,  AND ORDERS SERVED ON DEFENDANTS ...............................................................................................7

C.   TIMELINESS OF REMOVAL ..........................................................................7

D.   JOINDER ..........................................................................................................7

E.   VENUE IS PROPER .........................................................................................8

F.   FEDERAL QUESTION JURISDICTION ........................................................8

G.   SUPPLEMENTAL JURISDICTION ..............................................................12

H.   NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT .............13

SMRH:4923-8514-1827.2                    DEFENDANTS' NOTICE OF REMOVAL OF ACTION

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>Cases</u>

<u>Allis-Chalmers Corp. v. Lueck</u>
    571 U.S. 202 (1985).................................................................................................8

<u>Brady v. Brown</u>
    51 F.3d 810 (9th Cir. 1995)....................................................................................12

<u>Brown v. Brotman Med. Center</u>, <u>Inc.</u>
    571 Fed. Appx. 572 (2014) ....................................................................................13

<u>Brown v. Brotman Med. Ctr., Inc.</u>
    571 F. App'x 572 (9th Cir. 2014)................................................................ 10, 11, 12

<u>Buck v. Cemex, Inc.</u>
    2013 U.S. Dist. LEXIS 124111 (E.D. Cal. Aug. 29, 2013)................................9

<u>Burnette v. Godshall</u>
    828 F. Supp. 1439 (N.D. Cal. 1993)........................................................... 10, 12

<u>Cal. Corr. Supervisors Org., Inc. v. Dep't of Corr.</u>
    96 Cal. App. 4th 824 (2002)..................................................................................11

<u>Curtis v. Irwin Indus.</u>
    913 F.3d 1146 (9th Cir. 2019)..............................................................................10

<u>Firestone v. Southern Cal. Gas. Co.</u>
    219 F.3d 1063 (9th Cir. 2000).............................................................................8, 9

<u>Levy v. Skywalker Sound</u>
    108 Cal.App.4th 753 (2003)....................................................................................9

<u>Lingle v. Norge Div. of Magic Chef, Inc.</u>
    486 U.S. 399 (1988).................................................................................................8

<u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>
    526 U.S. 344 (1999).................................................................................................7

<u>Newberry v. Pac. Racing Ass'n</u>
    854 F.2d 1142 (9th Cir. 1988).................................................................................9

SMRH:4923-8514-1827.2    DEFENDANTS' NOTICE OF REMOVAL OF ACTION

Salveson v. Western States Bankcard Assoc.
    731 F.2d 1423 (9th Cir. 1984)..............................................................................7

Voorhees v. Naper Aero Club, Inc.
    272 F.3d 398 (7th Cir. 2001)...............................................................................9

Statutes

28 U.S.C. § 84(c)(2).............................................................................................8

28 U.S.C. § 1331...............................................................................................6, 8

28 U.S.C. § 1441..................................................................................................6

28 U.S.C. § 1441(a).........................................................................................8, 10

28 U.S.C. § 1441(c) ............................................................................................13

28 U.S.C. § 1446..................................................................................................6

28 U.S.C. § 1446(a) ..........................................................................................6, 7

28 U.S.C. § 1446(b)(1) ........................................................................................7

28 U.S.C. § 1446(d) ...........................................................................................13

29 U.S.C. § 141, *et seq.*......................................................................................9

29 U.S.C. § 152(5) ...............................................................................................9

29 U.S.C. § 185 .................................................................................... 8, 9, 11, 12

29 U.S.C. § 185(a) ...............................................................................................9

29 U.S.C. § 301 .............................................................................. 6, 8, 9, 10, 12

29 U.S.C. § 301(a) ...............................................................................................9

29 U.S.C. § 1367(a) ...........................................................................................12

California Business & Professions Code § 17200 ...................................................7

California Government Code § 12926...................................................................6

California Government Code § 12940, *et seq.*....................................................6, 7

California Health & Safety Code § 1278.5..............................................................7

California Labor Code § 98.6.......................................................................................7

California Labor Code § 1102.5...................................................................................7

California Labor Code § 6310............................................................ 7, 9, 10, 12

California Labor Code § 6400............................................................. 10, 11, 12

California Labor Code § 6400(a) ..............................................................................10

California Labor Code § 6400, *et seq.*......................................................................7

National Labor Relations Act, § 2(5) ........................................................................9

Other Authorities

California Code of Regulations, Title 8, § 3380 ......................................................7

United States Constitution Article III.......................................................................12

SMRH:4923-8514-1827.2                    DEFENDANTS' NOTICE OF REMOVAL OF ACTION

**TO THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1331, 1441 and 1446, Defendants HCA Healthcare, Inc. and Los Robles Regional Medical Center, dba Los Robles Hospital & Medical Center ("Defendants") hereby remove this matter of <u>Cathy Kirkwood v. Los Robles Regional Medical Center, et al.</u>, a lawsuit pending in the Superior Court of the State of California, County of Ventura, to the United States District Court, Central District of California on the grounds of federal question jurisdiction pursuant to section 301 of the Labor Management Relations Act.  In accordance with 28 U.S.C. section 1446(a), the following is a short and plain statement of the grounds for removal of the case.

**A.    PROCEDURAL HISTORY**

1.    On April 3, 2025, Plaintiff Cathy Kirkwood ("Plaintiff") filed a Complaint against Defendants HCA Healthcare, Inc., Los Robles Regional Medical Center, and Los Robles Hospital & Medical Center in the Superior Court of the State of California, County of Ventura.  A copy of the Complaint is attached hereto as **Exhibit A**.

2.    On May 9, 2025, Defendants filed their Answer to Plaintiff's Complaint.  A copy of the Answer is attached hereto as **Exhibit K.**

3.    Plaintiff asserts the following nineteen causes of action: (1) age discrimination in violation of Government Code section 12940, *et seq.*; (2) harassment in violation of Government Code section 12940, *et seq.*; (3) sex/gender discrimination in violation of Government Code section 12940, *et seq.*; (4) harassment in violation of Government Code section 12940, *et seq*; (5) race discrimination in violation of Government Code section 12940, *et seq.*; (6) race harassment in violation of Government Code section 12940, *et seq*; (7) discrimination in violation of Government Code section 12926; (8) harassment in violation of Government Code section 12926; (9) failure to investigate in violation

-6-

of Government Code section 12940, *et seq*; (10) failure to take all reasonable steps to prevent discrimination and harassment in violation of Government Code section 12940, *et seq.*; (11) violation of California Code of Regulations, Title 8, Section 3380; (12) violation of Labor Code section 6400, *et seq.*; (13) Unfair Business Practices in violation of Business & Professions Code section 17200; (14) wrongful termination in violation of public policy; (15) retaliation in violation of Government Code section 12940, *et seq.*; (16) retaliation in violation of Labor Code section 6310; (17) retaliation in violation of California Health and Safety Code section 1278.5; (18) retaliation in violation of Labor Code section 98.6; and (19) retaliation in violation of Labor Code section 1102.5.  See generally, Ex. A, Complaint.

**B.     COPIES OF PROCESS, PLEADINGS,  AND ORDERS SERVED ON DEFENDANTS**

4.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders from the state court action served on Defendants or filed by Defendants are attached hereto as **Exhibits A-K.**

**C.     TIMELINESS OF REMOVAL**

5.     This Notice of Removal is timely as it is being filed within 30 days of service of the Complaint on Defendant Los Robles Regional Medical Center on April 18, 2025 and HCA Healthcare, Inc. on May 9, 2025.  See Exhibits H, J; 28 U.S.C. § 1446(b)(1); Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999) (thirty-day window to remove does not run until formal service is complete under state law).

**D.     JOINDER**

6.     The Defendants that Plaintiff designated as Does 1 through 50 are fictitious Defendants, and therefore, have not been served the complaint and do not need to join in this Removal. See Salveson v. Western States Bankcard Assoc., 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not

be joined; the Defendants summonsed can remove by themselves.") (superseded by statute on unrelated grounds).

**E.    VENUE IS PROPER**

7.    The United States District Court for the Central District of California encompasses Ventura County, the county in which this Action is brought. Therefore, the United States District Court for the Central District of California is a proper venue for this Action under 28 U.S.C. sections 84(c)(2) and 1441(a).

**F.    FEDERAL QUESTION JURISDICTION**

8.    A state court action may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331.

9.    Federal question jurisdiction arises out of the fact that adjudication of Plaintiff's claims require interpretation of the terms of a collective bargaining agreement ("CBA") per the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 185. Section 301 of the LMRA provides that: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regarding to the amount in controversy or without regarding to the citizenship of the parties." Firestone v. Southern Cal. Gas. Co., 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of CBAs, federal common law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 411 (1988).

10.    Further, all state law claims raised by an employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301. Allis-Chalmers Corp. v. Lueck, 571 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . any state

-8-

claim whose outcome depends on analysis of the terms of the agreement." Newberry v. Pac. Racing Ass'n, 854 F.2d 1142, 1146 (9th Cir. 1988); see Voorhees v. Naper Aero Club, Inc., 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

11. Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a collective bargaining agreement. Firestone, 219 F.3d at 1066–67; Buck v. Cemex, Inc., 2013 U.S. Dist. LEXIS 124111, *1, 17 (E.D. Cal. Aug. 29, 2013) (Labor Code claims preempted by the LMRA because their "resolution … is 'substantially dependent upon' the terms of the CBA"). This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law causes of action. See Levy v. Skywalker Sound, 108 Cal.App.4th 753, 769 (2003).

12. At all times relevant to this action, Defendants were an employer employing employees in an industry that affected commerce, as defined by the LMRA, 29 U.S.C. § 141, *et seq.*

13. At all times relevant to this action during which Plaintiff, a Cytologist, was employed by Defendant Los Robles Regional Medical Center, Plaintiff's employment was covered by a CBA and Plaintiff was represented by SEIU United Healthcare Workers – West. (See, Ex. L, CBA; Declaration of Adam Gardner ("Gardner Decl."), ¶ 2.) The SEIU United Healthcare Workers – West is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a). A true and correct copy of the CBA governing Plaintiff's employment is attached hereto as **Exhibit L**. See also Gardner Decl., ¶ 2.

14. Plaintiff's sixteenth cause of action for retaliation under Labor Code section 6310 is preempted by 29 U.S.C. § 185 (i.e., § 301 of the LMRA) and, thus,

-9-

this case may be removed pursuant to 28 U.S.C. § 1441(a). See Curtis v. Irwin Indus., 913 F.3d 1146, 1152 (9th Cir. 2019) ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to federal court.") (internal citation omitted for clarity).

15.     Specifically, the sixteenth cause of action in Plaintiff's operative Complaint alleges a violation of Labor Code section 6310. Per California Labor Code section 6310:

(a) No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following:

(1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, their employer, or their representative.

(2) Instituted or caused to be instituted any proceeding under or relating to their rights or has testified or is about to testify in the proceeding or because of the exercise by the employee on behalf of themselves, or others of any rights afforded to them.

(3) Participated in an occupational health and safety committee established pursuant to Section 6401.7.

16.     Plaintiff's twelfth cause of action alleges a violation of Labor Code section 6400. Per California Labor Code section 6400(a) "Every employer shall furnish employment and a place of employment that is safe and healthful for the employees therein…"

17.     Labor Code "Section 6400 establishes a potential duty of care for an employer regarding the physical conditions of the workplace." See Brown v. Brotman Med. Ctr., Inc., 571 F. App'x 572, 575 (9th Cir. 2014) (citing Burnette v. Godshall, 828 F. Supp. 1439, 1446 (N.D. Cal. 1993). This section "does 'not require an employer to take all conceivable steps to ensure safety, nor forbid an employer

-10-

from adopting practices or methods which might conceivably result in harm to an employee.'" Id. (citing Cal. Corr. Supervisors Org., Inc. v. Dep't of Corr., 96 Cal. App. 4th 824, 831 (2002). Instead, it "gives employers 'room for discretion' in their decisions about workplace safety." Id.

18.    In Brown v. Brotman Med. Ctr., Inc., 571 F. App'x 572, 575 (9th Cir. 2014), the plaintiff alleged the employer (Brotman Medical Center) violated Labor Code section 6400 based on decisions the employer made in setting up its workplace. The Ninth Circuit held the federal district court properly determined that plaintiff's claim premised on a violation of California Labor Code section 6400 claim was preempted under the LMRA because the employer's rights to determine patient care were expressly addressed by the CBA which gave the employer wide latitude in making determinations about management of the workplace as it reserved the employer's right to adopt rules of safety and determine the type and scope of work to be performed and for the services to be provided to patients. The court held preemption was appropriate where it was required to interpret the CBA to "determine the standard of care that [the Defendants] agreed to assume and, in turn, whether [its] actions violated that duty." Id. at 576.

19.    Here, the CBA governing Plaintiff's employment contains provisions regarding the physical conditions of the workplace and Defendants' right to manage the operations of its facilities, including workplace safety policies and procedures. (See Ex. L, CBA, Article 15, Management Rights (Defendant retains the exclusive right to manage its operations); Article 29, Safety (addresses concerns about the safety of working conditions); Article 36, Workload (procedure for work assignments).) Resolution of Plaintiff's twelfth and sixteenth causes of action will turn upon application of these provisions. For example, a court will need to construe the CBA to determine whether Defendants' safety policies and procedures were solely within the discretion of Defendants. Therefore, Plaintiff's twelfth and sixteenth causes of action are preempted because they are substantially dependent

-11-

upon analysis of the CBA.  See Brotman Med. Ctr., 571 F. App'x at 575 (affirming dismissal of section 6400 claim as preempted where Plaintiff's claim "largely focuse[d] on the general decisions that [the employer] made in setting up its workplace[.]"); see also Burnette v. Godshall, 828 F. Supp. 1439 (N.D. Cal. 1993) (employer's duty to provide safe workplace was substantially dependent on collective bargaining agreement).

20.     In light of the foregoing, the LMRA preempts Plaintiff's Labor Code section 6310 and 6400 claims, as determining whether there was a violation of Labor Code section 6310 or 6400 would require the court to interpret the CBA's provisions regarding the extent of Defendants' duty to furnish a safe and healthful workplace and whether Defendants satisfied such duty pursuant to the CBA.

**G.     SUPPLEMENTAL JURISDICTION**

21.     As discussed above, Plaintiff's twelfth and sixteenth causes of action are preempted under section 301 of the LMRA.  Plaintiff's remaining causes of action[1] are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a) in that they are so related to section 301 claims that they form part of the same case or controversy under Article III of the United States Constitution. Moreover, considerations of judicial economy, convenience, and fairness to the litigants require that all of the causes of action alleged in the Complaint be tried in one forum. *See* Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) ("Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a common nucleus of operative fact between the state and federal claims….The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as

---

[1] Plaintiff's remaining claims are primarily based on other alleged violations of the California Labor Code and Government Code, primarily stemming from her allegations that she was disciplined and terminated after she allegedly complained about workplace safety. See, Ex. A, Complaint.

-12-

economy, convenience, fairness, and comity.") (Internal citations omitted); <u>Brown v. Brotman Med. Center, Inc.</u>, 571 Fed. Appx. 572, 576 (2014) (the court "may exercise supplemental jurisdiction over claims that are brought in conjunction" with the preempted claim).

22. Alternatively, even if supplemental jurisdiction did not exist, any non-preempted claims may be properly removed to this Court pursuant to 28 U.S.C. § 1441(c), in that such claims have been joined with a claim which would have been removable if sued upon alone.  Therefore, this action is removable in its entirety.

**H.  <u>NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT</u>**

23. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed with the Clerk of the Superior Court in the State Court Action.  In addition, Plaintiff will be served with this Notice of Removal, and the additional supporting pleadings.  <u>See</u> the concurrently-filed Proof of Service.

24. WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Superior Court of California, County of Ventura, to this Court and Defendants prays that it be so removed.

Dated:  May 14, 2025     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/ Ian A. Michalak

RICHARD J. SIMMONS
JASON W. KEARNAGHAN
IAN A. MICHALAK
ANGELA S. CHUANG

Attorneys for Defendants HCA, HEALTHCARE, INC. and LOS ROBLES REGIONAL MEDICAL CENTER, *dba* LOS ROBLES HOSPITAL & MEDICAL CENTER

-13-