UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-04338-MRA-E | Date | July 9, 2025 |
|---|---|---|---|
| Title | *Cathy Kirkwood v. HCA Healthcare, Inc., et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]**

Before the Court is Plaintiff's Motion to Remand (the "Motion"). ECF 12. The Court read and considered the moving and opposing papers and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The July 14, 2025, hearing is therefore vacated and removed from the Court's calendar. For the reasons stated herein, the Court **GRANTS** the Motion.

**I.      BACKGROUND**

On April 3, 2025, Plaintiff Cathy Kirkwood ("Plaintiff" or "Kirkwood") filed this workplace retaliation and discrimination case against Defendants Los Robles Regional Medical Center, Los Robles Hospital & Medical Center, HCA Healthcare, Inc., and Does 1-50 (collectively, "Defendants") in Ventura County Superior Court. ECF 1-1 (Compl.). The Complaint alleges as follows:

Kirkwood was employed as a per diem Cytologist in the Anatomic Pathology Department at Los Robles Medical Center (the "Hospital") between October 10, 2022, until her termination on December 20, 2024. *Id.* ¶¶ 1, 2. Kirkwood's employment was governed by a Collective Bargaining Agreement ("CBA"), and Plaintiff was represented by SEIU United Health Care Workers – West. ECF 1-13 (Gardner Decl.) ¶ 2, Ex. L ("CBA"). In or about June 2023, Kirkwood complained to her direct supervisor, Zin Htway ("Htway"), about her breast tissue being exposed to radiation because the employer-provided lead apron was not custom fitted. Compl. ¶¶ 2, 6. Htway ignored her repeated complaints. *Id.* Despite escalating her complaints to Htway's supervisor, she continued to work without a properly fitted lead apron for several months. *Id.* ¶¶ 7, 12. Shortly thereafter, her supervisor hired Jeffery Wilks ("Wilks"), a 35-year-old male, as a per diem Cytologist, and in the weeks following his hire, Htway trained Wilks in various procedures and assignments that had been previously assigned to Kirkwood, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04338-MRA-E | Date | July 9, 2025 |
|---|---|---|---|
| Title | *Cathy Kirkwood v. HCA Healthcare, Inc., et al.* | | |

training in advanced ION/EBUS robotics and OR EUS procedures. *Id.* ¶ 8. Htway refused to train Kirkwood in the same procedures when she asked. *Id.* On or about September 21, 2023, Kirkwood complained to Htway's supervisor and the Hospital's Human Resources Manager. *Id.* ¶ 10. On or about September 28, 2023, Kirkwood was informed that the Hospital intended for Wilks to be the future Cytology Supervisor because he was younger and had a longer employment future. *Id.* ¶ 11. Wilks received his custom fitted lead apron within approximately three months, whereas Kirkwood did not receive hers for approximately 10 months. *Id.* ¶ 12.

Plaintiff alleges that she made several complaints about discrimination, retaliation, and patient and employee safety issues. *Id.* ¶ 13. In relevant part, on or about December 5, 2023, Kirkwood, through her union representative, filed a Grievance Form (the "Grievance") alleging that Htway "has been doing bargaining unit work. I was flexed off work on 9/29/23," "[r]etaliating against me for performance evaluations," and "Code of Conduct misconduct regarding employee safety for radiation exposure." *Id.* ¶ 13(d), (e). The Grievance sought back pay for the flexed day off, for the Hospital to "[f]ollow federal and state laws," "[f]ollow [the] CBA and not do[] bargaining unit work," and "[c]ease and desist all retaliation and harassment towards employee." *Id.* ¶ 13(f). On or about December 22, 2023, Kirkwood emailed the Hospital's Compliance Officer reporting a lack of laboratory compliance and indifference to employee health and safety with respect to, without limitation, inappropriate disposal of carcinogenic reagents and other toxic hazardous chemicals/reagents. *Id.* ¶ 13(k). On or about January 15, 2024, Plaintiff emailed the Divisional Lab Director advising that she had been "raising the concerns about inadequate and absent maintenance log sheets" since September 2023, "but nothing has been done," and requesting "the management team to have a daily maintenance log sheet established for the biological safety cabinet and train employees to read the safety indicator and how to properly mark the daily maintenance log sheet." *Id.* ¶ 13(l). In or about January 2024, Kirkwood complained about violation of federal and state regulations and inspection requirements. *Id.* ¶ 13(n). On or about February 14, 2024, Kirkwood alerted management to her supervisor's "personal vendetta" against her, *id.* ¶ 13(o). On or about June 10, 2024, she requested an investigation into the "toxic working environment." *Id.* ¶ 13(r).

Plaintiff alleges that the Hospital harassed, discriminated, and retaliated against her and subjected her to adverse employment actions. *Id.* ¶ 14. In relevant part, she was told that she was "flexed off" work. *Id.* ¶ 14(a). On or about December 1, 2023, Kirkwood received a negative job performance evaluation. *Id.* ¶ 14(c). On June 17, 2024, Kirkwood received a Written Warning. *Id.* ¶ 14(f). On August 23, 2024, she was issued a Final Written Warning for "substandard performance and conduct," which was later revised and reissued on September 12, 2024. *Id.* ¶ 14(g). On December 6, 2024, the Hospital informed Kirkwood that she was suspended. *Id.* ¶ 14(h). On December 20, 2024, Kirkwood was terminated for "substandard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-04338-MRA-E | Date | July 9, 2025 |
|---|---|---|---|
| Title | *Cathy Kirkwood v. HCA Healthcare, Inc., et al.* | | |

performance and conduct . . . incompatible with continued employment." *Id.* ¶ 16.

On these factual allegations, Plaintiff brings 19 causes of action: (1)-(6) six claims for age, sex/gender, race discrimination and harassment in violation of the Fair Employment Housing Act ("FEHA"), Cal. Gov't Code § 12940, *et seq.* ("FEHA"); (7)-(8) two claims for discrimination and harassment in violation of Cal. Gov't Code § 12926; (9)-(10) failure to investigate and take reasonable steps to prevent discrimination and harassment in violation of FEHA; (11) violation of Cal. Regs. Code § 3380; (12) violation of Cal. Lab. Code § 6400, *et seq.*; (13) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200; (14) wrongful termination in violation of public policy; and (15)-(19) retaliation in violation of FEHA, Cal. Lab. Code §§ 98.6, 1102.5, 6310, and Cal. Health & Safety Code § 1278.5.

On May 9, 2025, Defendants filed their Answer to the Complaint. ECF 1-11. On May 14, 2025, Defendants removed the case to federal court. ECF 1. On June 3, 2025, Plaintiff filed the instant Motion. ECF 12. Defendants oppose. ECF 14. Plaintiff did not file a reply brief in support of the Motion.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Removal of a state action to federal court is only proper if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Accordingly, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. The removing defendant bears the burden of establishing by a preponderance of the evidence that removal is proper. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.  DISCUSSION

In their Notice of Removal, Defendants assert that the Court has federal question jurisdiction because Plaintiff's claims under Cal. Lab. Code §§ 6310 and 6400 (Claims 12 and 16) require interpretation of the terms of a collective bargaining agreement and are therefore preempted by section 301 of the Labor Management Relations Act ("LMRA"). ECF 1 ¶¶ 8-20. Defendants maintain that the remaining claims are within the Court's supplemental jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04338-MRA-E | Date | July 9, 2025 |
|---|---|---|---|
| Title | *Cathy Kirkwood v. HCA Healthcare, Inc., et al.* | | |

under 29 U.S.C. § 1367(a). *Id.* ¶¶ 21-22. In her Motion, Plaintiff argues that her claims do not arise from a breach of the CBA, such that "[r]esolution of Plaintiff's Labor Code claims, are, on their face, based entirely on the Court's application of California law to the underlying facts." ECF 12 at 10. Defendants respond that the CBA contains the relevant procedures that the Hospital is required to follow regarding work assignments, equipment training, workplace safety policies, which "pertain directly to the alleged protected activities and adverse employment actions" underlying Claims 12 and 16. ECF 14 at 8.

Federal courts have jurisdiction over suits "arising under" federal law. 28 U.S.C. § 1331. Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C. § 185(a). The provision has long been interpreted as "authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). As such, any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). "A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law." *Id.* "Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis*, 913 F.3d at 1152 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). In other words, "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Id.*

The Supreme Court has underscored that § 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994). Rather, "it is the legal character of a claim, as 'independent' of rights under the [CBA] (and not whether a grievance arising from 'precisely the same set of facts' could be pursued) that decides whether a state cause of action may go forward." *Id.* at 123-24 (internal citations omitted). "Setting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 919 (9th Cir. 2018). To ensure that § 301 preemption "extends only as far as necessary to protect the role of labor arbitration in resolving CBA disputes," the Ninth Circuit employs a two-step test. *Curtis*, 913 F.3d at 1152 (quoting *Schurke*, 898 F.3d at 913-14). First, courts must determine "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA." *Id.* (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)). "If the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04338-MRA-E | Date | July 9, 2025 |
|---|---|---|---|
| Title | *Cathy Kirkwood v. HCA Healthcare, Inc., et al.* | | |

determines that the right underlying the plaintiff's state law claim(s) 'exists independently of the CBA,' it moves to the second step, asking whether the right 'is nevertheless substantially dependent on analysis of a [CBA].'" *Kobold*, 832 F.3d at 1032 (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). This inquiry "turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citing *Kobold*, 832 F.3d at 1033). "Interpretation" is "construed narrowly" such that "claims are only preempted to the extent there is an active dispute over 'the meaning of a contract terms.'" *Schurke*, 898 F.3d at 921 (quoting *Livadas*, 512 U.S. at 124). Thus, a state law claim avoids preemption "if it does not raise questions about the scope, meaning, or application of the CBA." *Id.*

Applying this two-step framework here, the Court finds at the first step that Plaintiff's claims are not grounded in the CBA. Plaintiff seeks to enforce state worker protections, not "vindicate a right or duty created by the CBA itself." *See Schurke*, 898 F.3d at 921. The claims do not involve rights that exist solely under the CBA and therefore are "not simply CBA disputes by another name." *See id.*; *Kobold*, 832 F.3d at 1032. Defendants do not seriously dispute this, but nevertheless argue that § 301 preemption applies to Claims 12 and 16 at step two because "a court will need to construe the CBA to determine whether Defendants' safety policies and procedures were solely within the discretion of Defendants." ECF 1 ¶ 19. The Court considers each claim in turn.

Claim 12 alleges workplace safety violations under Cal. Lab. Code § 6400, *et seq*. Section 6400 generally provides that "[e]very employer shall furnish employment and a place of employment that is safe and healthful for the employees therein" and "adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful . . . [and to] do every other thing reasonably necessary to protect the life, safety, and health of employees." Cal. Lab. Code §§ 6400(a), 6401. In other words, section 6400 "establishes a potential duty of care for an employer regarding the physical conditions of the workplace." *Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 575 (9th Cir. 2014) (citations omitted).

The Court is not persuaded by Defendants' argument that Plaintiff's § 6400 claim requires interpretation of the CBA. Plaintiff's § 6400 claim arises from "her belief that the [personal protective equipment] provided by [the Hospital] was inadequate to protect her health, personal safety and well being[.]" Compl. ¶ 112. In arguing that this claim depends upon analysis of the CBA, Defendants cite Article 29 of the CBA, "Safety." *See* ECF 14 at 12. Yet Article 29.1 merely states that the Hospital "will comply with applicable federal and California laws and regulations pertaining to occupational safety and health" and "take reasonable steps to provide a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04338-MRA-E | Date | July 9, 2025 |
|---|---|---|---|
| Title | *Cathy Kirkwood v. HCA Healthcare, Inc., et al.* | | |

safe, secure, clean and therapeutic environment for patients, guests and employees." CBA ¶ 29.1. Article 29.2 states that "[n]o employee shall be required to work under conditions that would be hazardous to the employee's physical safety." Article 29.3 states that "[e]mployees who become aware of hazardous conditions . . . and/or unsafe equipment must notify their immediate supervisor as soon as possible" and "[n]o employee will be subject to discipline for reporting a health or safety problem." *Id.* ¶ 29.3. Article 29.4 further provides that if the Hospital does not remedy a safety issue "within a reasonable period of time," the employee or the Union may contact the Industrial Safety Commission of the State of California or other government agencies" and that "[d]isputes concerning the conditions of health and safety within the Hospital shall not be subject to the grievance and arbitration procedures of this Agreement, but shall be subject to the applicable administrative procedures established by federal and California laws." *Id.* ¶ 29.4. Defendants do not identify with particularity *any* portion of Article 29 that is in "active dispute" and in fact must be interpreted to determine whether Defendants breached their duty of care. *Schurke*, 898 F.3d at 921. Indeed, Articles 29.1 tracks the language of § 6400.

Defendants' reliance on *Brown* is unavailing. In that unpublished decision, the Ninth Circuit recognized that § 6400 "gives employers 'room for discretion' in their decisions about workplace safety." 571 F. App'x at 576. The court observed that the plaintiff's claim "largely focuse[d] on the general decisions that [the employer] made in setting up its workplace" and that the CBA gave the employer "wide latitude in making [those] determinations." *Id.* Thus, because it was "necessary for a court to interpret the terms of the CBA to determine the standard of care that [the employer] agreed to assume and, in turn, whether [the employer]'s actions violated that duty," the court affirmed the district court's decision that the plaintiff's § 6400 claim was preempted. *Id.* Unlike *Brown*, Article 29 of the CBA does not purport to reserve the employer's right to set safety rules or otherwise define the duty of care assumed by Defendants. The standard of care set forth in Article 29.1 and assumed by Defendants is tethered to the reasonableness standard found in § 6400. Thus, the Court does not find that Plaintiff's § 6400 claim is dependent, much less "substantially dependent," on interpretation of the CBA. *See Kobold*, 832 F.3d at 1033.

Claim 16 alleges retaliation in violation of Cal. Lab. Code § 6310, which prohibits an employer from terminating an employee because the employee has made "any oral or written complaint" to, *inter alia*, their employer about unsafe working conditions or unsafe work practices. Cal. Lab. Code § 6310(a). "The public policy behind § 6310 is . . . to prevent retaliation against those who in good faith report working conditions they believe to be unsafe." *Freund v. Nycomed Amersham*, 347 F.3d 752, 759 (9th Cir. 2003) (citation omitted); *see also Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 472, 485 (2000) (explaining that § 6310 "is part of California's statutory scheme for occupational safety"). Courts interpreting similar

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04338-MRA-E | Date | July 9, 2025 |
|---|---|---|---|
| Title | *Cathy Kirkwood v. HCA Healthcare, Inc., et al.* | | |

wrongful termination statutes have applied the three-part burden shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005). To demonstrate a prima facie case of retaliation, the plaintiff must establish three elements: "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Id.* "Once an employee establishes a prima facie case, the employer is required to offer a legitimate, nonretaliatory reason for the adverse employment action." *Id.* Here, Plaintiff alleges that she engaged in protected activity and suffered adverse employment actions as a result when: (a) the Hospital refused to provide her with training on certain equipment; (b) Plaintiff was flexed off work; (c) Plaintiff submitted a grievance requesting her supervisor to "[f]ollow [the] CBA and not do[] bargaining unit work;" (d) Plaintiff reported a lack of laboratory compliance and indifference to employee health and safety with respect to inappropriate disposal of carcinogenic reagents; (e) Plaintiff requested that management have a daily maintenance log sheet established for the biological safety cabinet. *See* Compl. ¶ 13.

Defendants contend that Plaintiff's allegation that her supervisor violated the CBA is a "direct violation of the CBA" that establishes § 301 preemption and that the remaining allegations implicate the CBA's provisions regarding the use of and training on new equipment, workload, and workplace safety. ECF 14 at 12. For instance, under Article 15, "Management Rights," the Hospital "retain[ed] the exclusive right to manage the operations of the Hospital and to direct its working forces," including the right to "assign and supervise employees," "determine and change starting times, quitting times and shifts, and the number of hours to be worked." CBA ¶ 15.1. Article 18, "New Technology/Equipment," further provides that "[u]pon the introduction of the technology/equipment in the workplace, training will be made available to all employees in the affected department/unit who will be required to use the new technology/equipment." *Id.* ¶ 18.1. Article 36, "Workload," states that "[w]hen an employee is assigned additional duties on his/her shift, the employee may request from his/her supervisor or designee assistance in determining the employee's work priorities for that shift." *Id.* ¶ 36.1.

Defendants misconstrue the preemption standard. That the CBA sets forth relevant internal rules and procedures regarding the conduct at issue does not mean that the CBA must be *interpreted* to adjudicate Plaintiff's § 6310 claim. *See Livadas*, 512 U.S. at 123 (providing that it is "the legal character of a claim," not "whether a grievance arising from 'precisely from the same set of facts' could be pursued that decides preemption). Defendants neglect to adequately explain what language in the CBA requires interpretation and why. As explained above, the crux of Plaintiff's retaliation claim is that she engaged in protected activity by raising numerous complaints and that Defendants took adverse employment actions against her in response. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04338-MRA-E | Date | July 9, 2025 |
|---|---|---|---|
| Title | *Cathy Kirkwood v. HCA Healthcare, Inc., et al.* | | |

factual inquiries involved in determining whether Defendants retaliated against Plaintiff—including those related to Plaintiff's Grievance alleging that her supervisor did not follow the CBA—will not require the Court to construe the CBA.

The Supreme Court's decision in *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988), is instructive. There, an employee filed a grievance pursuant to a CBA that protected employees from discharge except for "proper" or "just" cause and that established an arbitration procedure for grievances. *Id.* at 401. While an arbitration was pending, the employee filed a retaliatory discharge action in state court, alleging that the employer had retaliated against her for exercising her rights under the state's worker's compensation laws. *Id.* at 402. The Court held that the state-law remedy is "independent" of the CBA for purposes of § 301 because the elements of the employee's retaliatory discharge claim are "purely factual questions pertain[ing] to the conduct of the employee and the conduct and motivation of the employer. Neither of the elements requires a court to interpret any term of a [CBA]." *Id.* at 407. As for the employer's defense that it had a nonretaliatory reason for the discharge, the Court concluded that "this purely factual inquiry likewise does not turn on the meaning of any provision of a [CBA]." *Id.* Like the claim in *Lingle*, § 6310 creates a nonnegotiable statutory right, and as such, California federal courts have consistently held that § 6310 is an independent statutory right that is not preempted by § 301. *See, e.g., Huitron v. U.S. Foods, Inc.*, No. CV 14-09402 MMM PLAX, 2015 WL 1524398, at *5-8 (C.D. Cal. Mar. 31, 2015); *Ortiz v. Permanente Med. Grp., Inc.*, No. C 13-00460 SI, 2013 WL 1748049, *7 (N.D. Cal. Apr. 23, 2013); *Khdrlaryan v. Olympia Med. Ctr.*, No. CV09-08141 DDP (FMOx), 2010 WL 2471061, *3 (C.D. Cal. June 15, 2010); *Perrapato v. The San Francisco Chron.*, No. CV 05-1017 PJH, 2005 WL 2171876, *5 (N.D. Cal. Sept. 7, 2005).

The remaining cases cited by Defendants are inapposite. *See* ECF 14 at 15; *see also* ECF 1 ¶¶ 8-14. *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142 (9th Cir. 1988), considered a claim for emotional distress arising from an employee's discharge and the employer's conduct in the investigation leading up to it, which the Ninth Circuit held would require the court to decide "whether her discharge was justified under the terms of the collective bargaining agreement." *Id.* at 1149. The plaintiff asserted a common law tort claim, not a nonnegotiable statutory right against wrongful termination. In *Firestone v. S. Cal. Gas Co.*, the Ninth Circuit held that an employee's overtime claim was preempted by § 301 because the parties "disagree[d] on the meaning of terms in the [CBA]" related to the overtime rights and obligations for purposes of California law. 219 F.3d 1063, 1066 (9th Cir. 2000). Defendants fail to identify any such disagreement as to the terms of the CBA here or to explain why any disagreement, even if it did exist, is material to Plaintiff's claims. In *Levy v. Skywalker Sound*, the California court of appeals held that the plaintiff's tort claims are preempted by § 301 because all are "premised directly or indirectly on the allegation that [the employer made misrepresentations to him regarding his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-04338-MRA-E | Date | July 9, 2025 |
|---|---|---|---|
| Title | *Cathy Kirkwood v. HCA Healthcare, Inc., et al.* | | |

inability to join the union, and/or to receive union-level pay and benefits." 108 Cal. App. 4th 753, 766 (2003). With regard to statutory claims, the court held that plaintiff's claim for unpaid wages "rests entirely on his claim that [a] letter agreement entitled him to wages at the level set by the CBA" and that the viability of his claim for induced relocation through knowingly false representations under Cal. Lab. Code § 970 also depends on the terms of the CBA. *Id.* at 769-70. This case presents different claims based on distinguishable facts. At base, the employers in each of the above cases clearly identified why the employees' claims substantially depend on the interpretation of the CBA. Defendants plainly fail to do so here.

Accordingly, because Plaintiff's claims do not raise questions about the scope, meaning, or application of the CBA, they avoid preemption under § 301 of the LMRA. *See Curtis*, 913 F.3d at 1153. Absent § 301 preemption, this case does not present a federal question. The Court therefore lacks subject matter jurisdiction, such that remand is warranted. *See* 28 U.S.C. § 1447(c)

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. The August 25, 2025, Scheduling Conference is **VACATED** and removed from the Court's calendar. This case shall be **REMANDED** to Ventura County Superior Court under the following case number: 2025CUWT041517.

**IT IS SO ORDERED.**

|   |   |   |   |
|---|---|---|---|
|   |   | - : - |   |
|   | Initials of Deputy Clerk | mku |   |